**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | Civil Action No. 6:20-cv-00728-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | **PUBLIC REDACTED VERSION** |
| HEWLETT PACKARD ENTERPRISE COMPANY, | |
| Defendant. | |

**BRAZOS'S SUR-REPLY IN OPPOSITION TO HPE'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP 12(B)(1) (DKT. 59)**

I.    **BRAZOS HAS ARTICLE III STANDING**

    A.    **Brazos** ██████████████ **and the Assignment** ████████████

██████ ████ ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

    ████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

    ████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

---

[1] HPE expressly concedes that ██████████████████ is irrelevant.  *See* Reply § I.C.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

**B.**   ████████████████████████████████████████████████

HPE raises a new argument not made in its Motion ███████████████████████

████████████████████████████████████████████████████.   Reply § I.B.  New

arguments in a reply brief are not proper.  *See Mikel v. Carrington Mortg. Servs., LLC*, No. 1:16-

cv-01107, 2019 WL 4060890, at *5 (W.D. Tex. June 25, 2019) ("It is the practice of this court

and the district courts to refuse to consider arguments raised for the first time in reply briefs.").

But HPE is also wrong.  ████████████████████████████████████

████

████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████ ██
████████████████████████████████████████████
████████████████████████████

██

█ ██████████████████████████████████████
██████████ ███ ██ ██████████████████
████████████████████████████████████████████



*See John Hancock Life Ins. Co. v. Solomon Baum Irrevocable Fam. Life Ins. Tr.*, 357 F. Supp. 3d 209, 218 (E.D.N.Y. 2018) ("[R]atification may be implied when a party fails to repudiate, or retains the benefit of, an unauthorized transaction when he knows of the material facts concerning the agreement. . . . Both void and voidable contracts and instruments may be ratified."). *See* p. 2 above; Opp. at 3-4, 12-13; Ex. R ¶¶ 14-16, 19.[3]

---

[2] HPE faults Brazos for not proving ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ earlier (Reply at 4), but ignores that Brazos had no reason to do so until HPE raised this argument in its reply.

[3] Although HPE contends that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ does not cure this standing issue (Reply at 4-5), Brazos argued only that it cures any prudential defect with respect to the right to recover past damages, *see* Opp. at 14-15, 20, which it does. *See* p. 5 below.

**II.      BRAZOS HAS STANDING TO SUE FOR PAST INFRINGEMENT OF THE ASSERTED PATENT**

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████ HPE's reply cites only the same authorities as its

Motion, *see* Reply at 8; Mot. at 10, 13, which ***support*** this conclusion.  *See also* Opp. at 16.

HPE's contention that Amended Schedule B1 should control (Reply at 9) is misguided.

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████ In any event, Amended Schedule B1 is ***part*** of the

PPA, and the documents must be considered together.  *See, e.g.*, *Minco, Inc. v. Combustion*

*Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996) (only some agreements in a series expressly

assigned the right to past infringement, but "the entirety of the agreements establish[] that the

MAC assignment clearly conveyed the right to sue for past infringement").

HPE's claim that the PPA is not ███████████████ (Reply at 9) also fails.  ██████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ Opp. at 17-

18; *see, e.g.*, *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000).  As HPE

admits, ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████

Finally, contrary to HPE's suggestion, which is unsupported by any citation to authority,

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

███████████████████████████████████

Any remaining doubt that Nokia explicitly transferred the right to sue for past damages in

the PPA is obviated by the ████████████████████████████████████████████ ██[4]

Last, HPE's contends, again incorrectly, ██████████████████████████████████

█████████████████████████████████████████████████ HPE

misreads the document. ██████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████

---

[4] This issue of one of prudential or statutory standing and thus may be cured, if necessary, after an action is filed.  Opp. at 14-15.  HPE's reply restates its position, but offers no controlling authority showing that the right to recover past damages implicates constitutional standing.

Respectfully submitted,

Dated: October 29, 2021

*/s/ Raymond W. Mort, III*

Raymond W. Mort, III

Edward J. Naughton

Texas State Bar No. 791308

Massachusetts Bar No. 600059

raymort@austinlaw.com

enaughton@brownrudnick.com

THE MORT LAW FIRM, PLLC

Rebecca MacDowell Lecaroz

100 Congress Avenue, Suite 2000

Massachusetts Bar No. 666860

Austin, Texas 78701

rlecaroz@brownrudnick.com

tel/fax:   (512) 677-6825

BROWN RUDNICK LLP

One Financial Center

Boston, Massachusetts 02111

telephone:   (617) 856-8200

facsimile:   (617) 856-8201

Timothy J. Rousseau

New York Bar No. 4698742

trousseau@brownrudnick.com

BROWN RUDNICK LLP

7 Times Square

New York, New York 10036

telephone:   (212) 209-4800

facsimile:   (212) 209-4801

David M. Stein

Texas State Bar No. 797494

dstein@brownrudnick.com

Sarah G. Hartman

California State Bar No. 281751

shartman@brownrudnick.com

BROWN RUDNICK LLP

2211 Michelson Drive, 7th Floor

Irvine, California 92612

telephone:   (949) 752-7100

facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

<u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was served upon all counsel of record via the

Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil

Procedure on October 29, 2021.

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

WSOU INVESTMENTS, LLC D/B/A
BRAZOS LICENSING AND DEVELOPMENT,

        Plaintiff,

    v.

HEWLETT PACKARD ENTERPRISE COMPANY,

        Defendant.

Civil Action Nos.  6:20-cv-00727-ADA
6:20-cv-00728-ADA
6:20-cv-00730-ADA

**JURY TRIAL DEMANDED**

**DECLARATION OF TIMOTHY J. ROUSSEAU IN SUPPORT OF**
**BRAZOS'S SUR-REPLY IN OPPOSITION TO HPE'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP 12(B)(1)**

I, Timothy J. Rousseau, declare as follows:

1.      I am an attorney with Brown Rudnick LLP, counsel to plaintiff WSOU

Investments, LLC d/b/a Brazos Licensing and Development ("Brazos").  I am a member of the

bar of this Court.  I submit this declaration in support of Brazos's Sur-Reply in Opposition to

Defendant Hewlett Packard Enterprise Company ("HPE")'s Motion to Dismiss for Lack of

Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1).  I have personal knowledge of the

matters stated in this Declaration and would testify truthfully to them if called upon to do so.

2.      Attached as Exhibit AA to Brazos's Sur-Reply is a true and correct copy of the

Declaration of Stuart A. Shanus, which was executed on October 29, 2021.

1

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Executed on October 29, 2021 in New York, New York.


/s/ Timothy J. Rousseau
Timothy J. Rousseau

2

# EXHIBIT AA

## FILED UNDER SEAL